**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SL INVESTMENT US-RE HOLDINGS 2009-1, INC.,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-281-Orl-28DAB**

**MATTHEW SHANE ENGLETT, CRAIG RONALD LYND, JEFFREY S. KAUFMAN,**

        **Defendants.**

## ORDER

This cause is before the Court on the "Amended Motion to Consolidate District Court Action with Adversary Proceeding Pending in Bankruptcy Court" (Doc. 17) filed by Defendants, Matthew Shane Englett, Craig Ronald Lynd, and Jeffrey S. Kaufman. Plaintiff, SL Investment US-Re Holdings 2009-1, Inc., ("SL Investment") has filed a Response (Doc. 18) to the motion, and the Court now issues the following ruling thereon.

Two Towers, LLC, ("Two Towers") executed an "Amended and Restated Promissory Note" and an "Amended and Restated Mortgage and Security Agreement" in favor of Sun Life Assurance Company of Canada ("Sun Life"), the predecessor in interest of SL Investment. (Compl. ¶ 7). As a condition of the loan made to Two Towers, the Defendants executed a "Guaranty of Non-Recourse Carve-Outs" in favor of Sun Life. (Id. ¶ 8). Defendants also entered into a "Master Lease Agreement" to further secure payment from Two Towers under the note. (Id. ¶¶ 10-11). Under the terms of the Master Lease

Agreement, the Defendants contracted to lease space from Two Towers sufficient to guaranty 92% occupancy of the buildings. (Master Lease Agreement ¶ 5, Ex. 4 to Compl.) After receipt of two Notices of Default from Sun Life for failure to make payments under the terms of the note, Two Towers filed for bankruptcy in December 2008. (Id. ¶¶ 19-20, 22). In their motion, Defendants request that this Court consolidate the pending action with the adversary proceeding styled Two Towers, LLC v. Sun Life Assurance of Canada, M & I Marshall and Isley Bank, Matthew Shane Englett, Craig Ronald Lynd, and Jeffrey S. Kaufman, Adv. P. No. 6:09-ap-00023-KSJ and currently pending before the United States Bankruptcy Court for the Middle District of Florida, Orlando Division. (Doc. 17 at 1).

Section 157(a) of Title 28, United States Code, provides that a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157. In In re Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990), the Eleventh Circuit adopted the Pacor test for determining whether an action is "related to" a bankruptcy proceeding. The Pacor test states that:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Pacor, Inc. v. Higgins (In re Pacor, Inc.), 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). Because any

damages collected by SL Investment from Defendants would reduce Two Towers's liabilities, the Court finds that the instant suit is, at a minimum, a related proceeding that conceivably has an effect on the estate being administered. Accordingly, the Court hereby **GRANTS** the motion to consolidate (Doc. 17) and refers this action to the Bankruptcy Court to be consolidated with adversary proceeding No. 6:09-ap-00023. The clerk is directed to transfer this case to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and close this file.

**DONE** and **ORDERED** in Orlando, Florida this 12th day of June, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party